## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("**Agreement**") is made and entered into this _____th day of July, 2025 (the "**Settlement Date**"), by and between Heung Won Seo ("Plaintiff") and Young Hwan, Corp., Eun Kyung Park, and Young Hwan Han ("**Defendants**"). All named Plaintiff and Defendants are collectively referred to as the "**Parties**" and individually as a "**Party**."

## RECITALS

WHEREAS, Young Hwan, Corp., Eun Kyung Park, and Young Hwan Han (collectively "Employer") are formerly employed Plaintiff;

WHEREAS, Young Hwan Corp. owns and operates a dry-cleaning store at 6281 Factory Shoals Rd., Mabelton, GA 30216;

WHEREAS, Plaintiff has asserted certain claims against Employer based upon and arising out of his employment with the Employer in the civil lawsuit number 1:23-cv-01822, Northern District of Georgia, Atlanta Division, (the "Action");

WHEREAS, Plaintiff avers that he is owed unpaid overtime premium compensation in the amount of Twelve Thousand Seven Hundred Twelve Dollars and Ninety-Six Cents ($12,712.96);

WHEREAS, Plaintiff seeks liquidated damages equal to the unpaid overtime premium in the amount of Twelve Thousand Seven Hundred Twelve Dollars and Ninety-Six Cents ($12,712.96);

WHEREAS, Plaintiff's counsel claims attorneys' fees and costs in the amount of Fifty-Seven Thousand Dollars ($57,000.00) based on 133 hours of work at a rate of $400 per hour;

WHEREAS, Employer denies and disputes the allegations contained in the Action;

WHEREAS, the Parties participated in a mediation session before United States Magistrate Judge Justin Anand;

WHEREAS, following that mediation, the Parties agreed to resolve this matter in its entirety based on Judge Anand's recommendation; AND

WHEREAS, to avoid the expense, uncertainty, and distraction of litigation, the Parties have agreed to enter into this Agreement upon the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the mutual promises set forth below, and all of the covenants and representations expressed herein, and for other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, and intending to be legally bound, the Parties agree as follows:

1. **Payment Terms.**

(a)     Employer will pay Plaintiff and his counsel $60,000.00 (Sixty Thousand Dollars) for the alleged unpaid overtime claim, liquidated damages, costs, any other claims raised in his Complaint, and attorneys' fees, in full and final settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claims.

(b)     The $40,000.00 of the $60,000.00 shall be paid to Plaintiff ' counsel Brian Kim, PC for attorneys' fees and any costs incurred.

(c)     The $20,000.00 of the $60,000.00 shall be paid to Plaintiff Heung Won Seo;

(d)     Out of the $60,000.00, $30,000.00 shall be delivered to Brian Kim, PC within thirty (30) days from the date the Court approves this Agreement.

(e)     The remainder, or $30,000.00, will be delivered to Brian Kim, PC within sixty (60) days from the date the Court approves this Agreement.

2.    **(left blank on purpose)**

3.    **Re-employment.** Plaintiff Heung Won Seo hereby waives any right or claim to reinstatement as an employee of Employer and agrees that she will not knowingly seek or accept employment in the future with Employer.

4.    **Heung Won Seo Release of Claims.** Heung Won Seo, on behalf of himself and his heirs, executors, estates, administrators, agents, representatives, successors, assigns, insurers, attorneys and other persons or entities acting or purporting to act on his behalf, hereby fully and forever, irrevocably and unconditionally release, remise, discharge and acquit Employer and its affiliates, subsidiaries, parent corporations, insurers and agents, present and former directors, officers, owners, executives, employees, predecessors and/or successors in interest, attorneys, heirs and assigns, from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments and suits of every kind and nature whatsoever, as of the date of this Agreement, foreseen or unforeseen, known or unknown, including but not limited to, those arising out of Heung Won Seo's employment with Employer and the termination of such employment.

5.    **Employer Release of Claims.** Defendants hereby fully and finally release Heung Won Seo and his heirs, successors, and assigns from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments and suits of every kind and nature whatsoever, as of the date of this Agreement, foreseen or unforeseen, known or unknown.

6. **Representations Regarding Released Claims.** Heung Won Seo represents and warrants that he has not assigned any of the claims that he is releasing through this Agreement.

7. **No Admission of Liability.** This document memorializes the terms of settlement and compromise of disputed claims, and the Parties admit no liability relating thereto.

8. **Neutral References.** In response to a request for a reference, Employer shall confirm Heung Won Seo's dates of employment and job title(s).

9. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of Georgia without regard to laws relating to conflict and choice of laws.

10. **Waiver of Breach.** The waiver by either Party of a breach of any portion of this Agreement by the other Party shall not operate or be construed as a waiver of any subsequent breach.

11. **Entire Agreement; Amendment.** This Agreement constitutes the sole and entire Agreement and understanding among the Parties as to its subject matter and supersedes all prior discussions, agreements, and understandings of every kind and nature among the Parties as to such subject matter. This Agreement may not be changed orally but only by an agreement in writing, signed by the Party against whom enforcement of any waiver, change, modification, extension or

discharge is sought. No such amendment or modification, however, shall affect any rights or obligations that arise hereunder prior to such amendment or modification.

12.    **Counterparts; Execution by Electronic Means.** This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all such counterparts together shall constitute one and the same instrument. Delivery of an executed counterpart of a signature page to this Agreement by fax, e-mail, or other electronic means will be as effective as delivery of a complete, executed original counterpart of this Agreement.

13.    **Construction of Agreement.** The language of this Agreement shall be construed as a whole according to its fair meaning and attainment and shall not be construed for or against any Party hereto, regardless of who drafted or was principally responsible for the drafting of this Agreement or any specific term or condition hereof. This Agreement shall be deemed to have been drafted by all the Parties hereto, and no Party shall urge otherwise. The headings used in this Agreement are for the convenience of the Parties and are not to be considered in construing the meaning of any of the terms herein.

14.    **Knowing Consent.** In signing this Agreement, each of the Parties hereto represents that it has carefully read and understands this Agreement and

each of the undersigned agrees that it has entered into this Agreement voluntarily and with informed consent.

15.    **Authority to Enter Into this Agreement.** Each person represents by his or his signature below that she or she has the authority to sign or act on behalf of the Party or entity for whom she or she signs.

16.    **Opportunity to Review with Counsel.**    The Parties hereby acknowledge that they have a right to consult an attorney and that they have specifically consulted their attorneys with respect to the terms and conditions of this Agreement or by signing this Agreement hereby waive their right to do so. The Parties further acknowledge that they fully understand this Agreement and the effect of signing and executing the Agreement.    The Parties further acknowledge that both parties have participated in the drafting of this Agreement and it shall not be construed against either of them as drafter of the document.

17.    **Binding Effect.** This Agreement is binding upon and inures to the benefit of each of the Parties hereto and all respective successors, assigns, officers, directors, shareholders, employees and agents.

18.    **Severability.** If any provision of this Agreement shall be held invalid by operation of law or by any court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect and may be independently enforced to the fullest extent permitted by law.

19.    **Pronouns.**   As the context so requires, whenever used in this Agreement, the singular shall include the plural, the plural shall include the singular, and the masculine gender shall include the neuter and feminine gender, and vice versa.

20.    **Attorneys' Fees.** Except as specified herein, each Party shall bear his, her, or its legal fees and costs related to the Action, and the negotiation and preparation of this Agreement. In any action or proceeding brought by a Party to enforce any provision of this Agreement, the prevailing Party shall be entitled to recover the reasonable costs and expenses incurred by it in connection with that action or proceeding, including but not limited to attorneys' fees.

21.    **(left blank on purpose)**

*[Signatures on following page]*

Each of the undersigned Parties, intending to be legally bound by this Agreement, signs and enters into this Agreement without coercion and with knowledge of the nature and consequences thereof.

**Hueng Won Seo**

Heungwon Seo (Jul 30, 2025 09:13:39 EDT)

Dated: 07/30/2025

**Eun Kyung Park for herself, Young Hwan Corp., and Young Hwan Han**

Dated: 8/7/2025

**Brian Kim, Attorney for Plaintiff**

Dated: 7/30/2025

**M. Khurram Baig, Attorney for Defendants**

Dated: 7/30/25